## LEE *v.* MISSISSIPPI.

No. 91.   Argued November 21, 1947.—Decided January 19, 1948.

*Forrest B. Jackson* argued the cause and filed a brief for petitioner.

*Richard Olney Arrington,* Assistant Attorney General of Mississippi, argued the cause for respondent.   With him on the brief was *Greek L. Rice,* Attorney General.

MR. JUSTICE MURPHY delivered the opinion of the Court.

This case involves a question of procedure under the due process clause of the Fourteenth Amendment of the United States Constitution.   Does a defendant in a

state criminal proceeding lose the right to contend that a confession was coerced because of his testimony that the confession was in fact never made?

Petitioner, a 17-year-old Negro, was indicted by a grand jury in Mississippi on a charge of assault with intent to ravish a female of previous chaste character. During the course of the trial, the state offered the testimony of two city detectives as to an alleged oral confession obtained by them from petitioner. Objection was made that this confession had been secured as the result of duress, threats and violence inflicted upon petitioner by two unidentified police officers several hours prior to the confession. The jury retired and a preliminary hearing was held before the trial judge as to the voluntariness of this confession. After various witnesses appeared, including the petitioner himself, the judge concluded that the confession was voluntary and that the testimony in relation thereto was admissible. This testimony proved to be the crucial element leading to the jury's conviction of petitioner. His sentence was fixed at 18 years in prison.

The Mississippi Supreme Court affirmed the conviction on appeal, rejecting petitioner's contention that the introduction of the testimony in question contravened his rights under the Fourteenth Amendment. It stated that the conduct of the two unidentified officers alleged to have struck and threatened petitioner was, if true, indefensible and warranted condemnation. But it felt that "the issue of fact as well as credibility was for the trial judge upon such preliminary qualification, and we are not willing to disturb his conclusion." 201 Miss. 423, 432, 29 So. 2d 211, 212.

This constitutional contention was treated quite differently by the court on the filing of a suggestion of error. It found that petitioner's testimony at the preliminary hearing that he had been threatened prior to making the

744

confession was entirely undisputed in the record. But it also found that petitioner had steadfastly testified, both at the preliminary hearing and at the trial on the merits before the jury, that he did not in fact admit to the city detectives that he had committed the crime. The court then stated: "If the accused had not denied having made any confession at all, we would feel constrained to reverse the conviction herein because of the fact that his testimony as to the threat made to him during the forenoon by the plain clothes men is wholly undisputed, the jailer not having been asked about this threat, and having testified only that he was not struck by anyone in his presence after his arrest for this crime. But, we think that one accused of crime cannot be heard to say that he did not make a confession at all, and at the same time contend that an alleged confession was made under the inducement of fear." 201 Miss. 423, 435, 30 So. 2d 74, 75. The suggestion of error was accordingly overruled.

The incomplete record before us precludes our determination of whether petitioner did deny in the trial court that he had confessed the crime.[1] But assuming that he did so testify, we cannot agree with the court below that he was thereby estopped from asserting his constitutional right to due process of law. The important fact is that the oral confession was introduced, admitted and used as evidence of petitioner's guilt. Not

---

[1] The transcript of the trial on the merits is not before us. At the preliminary hearing on the voluntariness of the confession, the transcript of which is before us, petitioner stated in regard to the alleged confession: "I don't know what all he asked and all I said, but I didn't admit I did it." He also denied having confessed various details of the crime. Such testimony, however, might be construed as nothing more than a layman's inexact way of stating that his answers did not amount to a voluntary confession. But in the absence of the complete record, we express no opinion on the matter.

only may this confession have been influential in inducing the jury's verdict, but it formed an essential part of the evidentiary basis of the conviction now under review. His alleged denial of the confession went only to the original issue of whether he actually made the confession, an issue that is no longer open. That question was at most a disputed one; but the jury resolved the matter against petitioner and, like the court below, we accept that determination. The sole concern now is with the validity of the conviction based upon the use of the oral confession.

The due process clause of the Fourteenth Amendment invalidates a state court conviction grounded in whole or in part upon a confession which is the product of other than reasoned and voluntary choice.[2] A conviction resulting from such use of a coerced confession, however, is no less void because the accused testified at some point in the proceeding that he had never in fact confessed, voluntarily or involuntarily. Testimony of that nature can hardly legalize a procedure which conflicts with the accepted principles of due process. And since our constitutional system permits a conviction to be sanctioned only if in conformity with those principles, inconsistent testimony as to the confession should not and cannot preclude the accused from raising the due process issue in an appropriate manner. *White* v. *Texas*, 310 U. S. 530, 531–532. Indeed, such a foreclosure of the right to complain "of a

---

[2] *Brown* v. *Mississippi*, 297 U. S. 278; *Chambers* v. *Florida*, 309 U. S. 227; *Canty* v. *Alabama*, 309 U. S. 629; *White* v. *Texas*, 309 U. S. 631, 310 U. S. 530; *Lomax* v. *Texas*, 313 U. S. 544; *Vernon* v. *Alabama*, 313 U. S. 547; *Lisenba* v. *California*, 314 U. S. 219; *Ward* v. *Texas*, 316 U. S. 547; *Ashcraft* v. *Tennessee*, 322 U. S. 143, 327 U. S. 274; *Lyons* v. *Oklahoma*, 322 U. S. 596; *Malinski* v. *New York*, 324 U. S. 401; *Haley* v. *Ohio*, 332 U. S. 596.

See, in general, Boskey and Pickering, "Federal Restrictions on State Criminal Procedure," 13 U. of Chi. L. Rev. 266, 282–295.

wrong so fundamental that it made the whole proceeding a mere pretense of a trial and rendered the conviction and sentence wholly void," *Brown* v. *Mississippi*, 297 U. S. 278, 286, would itself be a denial of due process of law.

The judgment below must be reversed. Since the Mississippi Supreme Court upheld the conviction solely because it thought petitioner was not entitled to raise the constitutional issue, we remand the case to that court so that it may definitively express its views on that issue.

*Reversed.*