**BROWN v. ROBBINS et al.**
**Civ. No. 1096.**

United States District Court
D. Maine, S. D.

July 9, 1954.

Vernon S. Brown, pro se.

CLIFFORD, Jr., District Judge.

This matter comes before the Court upon the Application for Writ of Habeas Corpus received from Vernon S. Brown, presently confined in the Maine State Prison at Thomaston, Maine. Attached to the application is a copy of the Application for a Writ of Habeas Corpus ad subjiciendum filed by Vernon S. Brown and addressed to Hon. Frank A. Tirrell, Jr., Associate Justice of the Supreme Judicial Court, State of Maine, and marked Exhibit A; a copy of the Order of Judge Tirrell refusing the Writ, and stating the reasons therefor, marked Exhibit B; and a copy of the Warrant for the Removal of Vernon Brown to State Prison, marked Exhibit C.

Other papers received in connection with the above matter consist of a Petition to Proceed in Forma Pauperis; a Motion for Production of Witnesses, Documentary Evidence, and Admission of Evidence; and, an Affidavit to which there is attached a copy of the Caribou Municipal Court Complaint and Warrant In State of Maine v. Brown, a Motion for the Return of Seized Property and

the Suppression of Evidence, and a Motion to Take a Deposition of a Witness.

The application contains allegations that petitioner has presented same grounds for relief in an Application for Writ of Habeas Corpus submitted to Hon. Frank A. Tirrell, Jr., Associate Justice of the Supreme Judicial Court of Maine, and such Writ was denied to him; that petitioner is a pauper, and that review of the order of the State Court Judge denying his petition is therefore unavailable to him because the State affords no alternative procedure in forma pauperis; that petitioner is imprisoned, detained and restrained of his liberty by Allan L. Robbins, Warden of the Maine State Prison at Thomaston, Maine; that the cause or pretense for such imprisonment and detention is set forth in the Warrant for Commitment annexed to the application, and marked Exhibit C; that the restraint and imprisonment are illegal, and that the illegality thereof is set forth in Paragraphs 1 to 7 in the Application for Writ of Habeas Corpus addressed to Judge Tirrell, and marked Exhibit A.

Petitioner further alleges a gross violation of his rights under the Constitution of the United States by the State of Maine, inasmuch as he is not guilty of the crime for which convicted; that he was entrapped by his accuser, and the State's sole eyewitness, into committing the act or acts upon which conviction is based; that he was compelled to become a witness against himself by police authority of the State; that he was subjected to punishment by police authority of the State which your petitioner deems cruel and unusual; that by illegal search and seizure police authority of the State obtained evidence which is vital, necessary and indispensable to the conviction obtained; that by denial of admission to bail, in violation of the due process of law, the State denied the petitioner the opportunity to prepare a defense and punished him before conviction; that by denial of the substantive provisions of the assistance of counsel for his defense, the State denied your petitioner the right to appear and be heard at a fair and impartial trial before a jury; and that the cumulative effect of the State's violations of the due process of law made it impossible for your petitioner to contest his conviction. This allegation is the one which the Court must presently consider, and includes various contentions, and is actually a brief résumé of Allegations 1 through 7 as contained in the Application filed with Judge Tirrell. The Court will therefore follow the apparent intent of the petitioner by referring to the Allegations 1 through 7 as contained in the Application filed with Judge Tirrell, and will take them up one at a time.

1. The first allegation states that during the week of August 4, 1952, Gwendolyn Brown of said Caribou and "Bun" Cronkite, so-called, of the Town of Fort Fairfield, County of Aroostook, State of Maine, did by false representation, inducement, persuasion and deceit, entrap your petitioner into a situation where he could be prosecuted on a charge of having committed a felony. Your petitioner contends that he was without criminal intent and that prosecution of him by the State of Maine should have been estopped by the said entrapment. Your petitioner claims that his conviction in the face of said entrapment was a violation of Article 1, Section 6 of the Constitution of Maine, and Articles V and XIV of the Amendments to the Constitution of the United States.

Petitioner submits that Judge Tirrell's reasoning that the State of Maine does not recognize the theory of entrapment does not rule on the Federal question, and cites the case of U. S. v. Cerone, 7 Cir., 150 F.2d 382, stating that that case has ruled that entrapment acts as estoppel of prosecution of a defendant by the State. Closer perusal of this case, and of the case of Sorrells v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L. Ed. 413, will disclose that the reference is to prosecution of a defendant by the Government and not by a State. The one important inference to be drawn from these cases in its application to the pre-

sent case is that in order to constitute entrapment the criminal design must originate not with the accused, but be conceived in the minds of Government officers, and that accused be lured into commission of the criminal act by persuasion, deceitful representation or inducement. These cases further state that officers or employees of Government merely affording opportunities or facilities for the commission of the offense does not defeat prosecution on ground of entrapment. Plaintiff's allegation is that he was entrapped by Gwendolyn Brown and "Bun" Cronkite, with no contention that they were officers or employees of the Government or State of Maine, so that he does not maintain the burden of setting forth sufficient facts, which, if true, would constitute an entrapment sufficient to estop prosecution.

2. The second allegation to be considered by this Court is petitioner's statement that on August 10, 1952 in the Town of Caribou, petitioner was compelled to become a witness against himself by Chief of Police Frank Hopper, and/or other officers whose names are now unknown to your petitioner. On August 11, 1952, in the Caribou Municipal Court the testimony so obtained was introduced as evidence against your petitioner. Such evidence became known to, and was used by, Officers of the Aroostook County Superior Court as evidence of the petitioner's alleged guilt. Petitioner contends that the above, and other acts, constituted a violation of Article 1, Sections 5 and 6 of the Constitution of Maine, and Articles IV, V, and XIV of the Amendments to the Constitution of the United States.

Petitioner alleges that the reasoning of Judge Tirrell that "any confessions or admissions against interest may be introduced as evidence against a respondent in a criminal case" does not rule on the Federal question. He cites the cases of Stroble v. State of California, 343 U.S. 181, 72 S.Ct. 599, 96 L.Ed. 872, and Gallagos v. State of Nebraska, 342 U.S. 55, 72 S.Ct. 141, 96 L.Ed. 86, stating that these cases have ruled that a conviction based, even in part, upon testimony obtained from the defendant by compulsion or coercion is invalid and must be set aside. He also cites the case of Lee v. State of Mississippi, 332 U.S. 742, 68 S. Ct. 300, 301, 92 L.Ed. 330, in which the Court ruled, "The due process clause of the Fourteenth Amendment invalidates a state court conviction grounded in whole or in part upon a confession which is the product of other than reasoned and voluntary choice".

Petitioner does not indicate the manner in which he was compelled to become a witness against himself. He does state that the testimony so obtained was introduced as evidence against him in the Caribou Municipal Court, and further says that the evidence became known to, and was used by, officers of the Aroostook County Superior Court as evidence of the petitioner's alleged guilt.

It becomes apparent from this and other allegations which will be subsequently discussed, that petitioner does not understand the fundamental basis of habeas corpus, which is that it seeks release from an illegal detention. Petitioner is presently confined in the Maine State Prison by virtue of having been adjudged guilty, upon his plea of "nolo contendere", entered in the Aroostook County Superior Court. It must be clear that this Court is not concerned with any detention prior to the present commitment to the Maine State Prison, and this Court cannot act with reference to the various allegations not concerned with his present confinement, unless they have direct bearing thereon. In this allegation petitioner's statement the "evidence used in the Municipal Court became known to, and was used by, officers of the Aroostook County Superior Court as evidence of the petitioner's alleged guilt" might indicate some connection with his present confinement, but since petitioner was adjudged guilty upon his plea of "nolo contendere", and it does not appear that any evidence was used against him, the Court must disregard this allegation because of failure to include any supporting statement or

evidence to support his bare statement, which is inconsistent with the plea entered by him. The Court is also mindful of the oft-repeated ruling that illegal acts of State Officials prior to trial are relevant only as they bear upon the defendant's contention that he was deprived of a fair trial.

██ 3. Petitioner alleges that on the night of August 10, 1952, he was transferred from the Cary Memorial Hospital in Caribou, under arrest and in custody, and imprisoned in the Caribou Municipal Jail. Your petitioner then and there was in need of medical treatment and hospital care, but was denied such treatment and care. On September 3, 1952, he was transferred from the County Jail by police officers to the Bangor State Hospital at Bangor, Maine; that your petitioner, being then and there of sane mind, was imprisoned against his will in the company of persons who had been designated by competent State authority as being psychotic; that by the above acts petitioner was subjected to cruel and unusual punishment in violation of Article VIII of the Amendments to the Constitution of the United States.

Judge Tirrell in refusing the Writ of Habeas Corpus, and with reference to this allegation, stated that the proper place of confinement in this instance was the municipal jail for retention until preliminary trial before a court having jurisdiction and venue to try and hear such cases either makes a final determination thereof or finds probable cause to bind over the respondent to the Grand Jury; that petitioner was removed from the County Jail to the Bangor State Hospital for observation as to his legal sanity only after his representation to the court that he intended to plead not guilty by reason of insanity; and that this is shown by the copy of docket entries. Petitioner claims that this reasoning by Judge Tirrell is a ruling issued without hearing the evidence in support of petitioner's allegation, and does not rule on the Federal question.

Again, we have an allegation concerning confinements other than the present detention of the petitioner, which this Court has no jurisdiction to consider with respect to the present application.

4. Petitioner alleges that on August 10, 1952 a Maine State policeman, and other officers, did search and seize, without warrant and illegally, property in the custody of, or belonging to, your petitioner; that on or about August 11, 1952, said officers did search, without warrant and illegally, the grounds and buildings of petitioner's domicile; that certain articles obtained by said officers by said search and seizure were used as evidence against your petitioner in the Caribou Municipal Court, before Grand Jurors of Aroostook County, and before officers of the Court which sentenced your petitioner to imprisonment, and that the above and other acts violated Articles IV, V, and XIV of the Amendments to the Constitution of the United States.

Judge Tirrell found that "Although evidence secured by an illegal search and seizure may subject the officer making such search to civil liability, such evidence secured may be used against the one charged with crime in the courts of this State". Petitioner states that Judge Tirrell does not rule on the Federal question, and cites several cases which have ruled that evidence of defendant's guilt obtained by illegal search and seizure must be suppressed as evidence of guilt, and returned to defendant; and that illegal search and seizure is a violation of the Constitution of the United States.

██ This Court believes it is well established that evidence of defendant's guilt obtained by illegal search and seizure must be suppressed as evidence of guilt in a United States Court, but does not extend to a defendant charged with crime in the courts of any sovereign State, where the State law provides that such evidence may be so used. Also, this allegation again refers to proceedings other than those which resulted in his present detention, except for the unsupported statement that the articles ob-

tained by said search and seizure were used as evidence against your petitioner before officers of the Court which sentenced your petitioner to imprisonment. If petitioner has reference to the Superior Court proceedings, he does not so indicate, and again it is inconsistent with the plea of "nolo contendere" which he entered in Superior Court.

■ 5. This allegation states that on August 11, 1952, and on dates subsequent thereto, your petitioner was without funds or other means to secure the assistance of counsel for his defense. On August 11, 1952; on or about October 20, 1952; and on or about November 27, 1952, your petitioner requested the officers of the Caribou Municipal Court, and/or officers of the Aroostook County Superior Court to grant your petitioner the assistance of counsel for his defense, and an opportunity to prepare a defense. Your petitioner's requests were either denied or not acted upon, and he contends that in this wise he was denied the guarantees of the Constitution of the United States.

In refusing the Writ of Habeas Corpus, Judge Tirrell states, "A copy of the docket entries from the Aroostook County Superior Court reveals that one Ferris A. Freme, a lawyer, appeared as attorney for the then respondent, now petitioner". Petitioner states that Judge Tirrell's statement is a ruling which relies entirely on the record of conviction and does not rule on the Federal question.

This Court feels that the docket entries in the Aroostook County Superior Court speak for themselves, and that it is the duty of the petitioner to counteract the effect of the entry showing counsel as having appeared for the petitioner, then respondent, by statements of fact more definite and conclusive than those contained in his petition. Petitioner states that his requests for assistance of counsel for his defense and an opportunity to prepare a defense were either denied or not acted upon, but he does not state that he was without counsel.

In view of the apparent discrepancy, and of the legal importance of the question involved, the Court, in the exercise of its inherent authority, has made inquiry and has learned the following facts: Ferris A. Freme, Esq., an attorney in Caribou, Maine, was retained as counsel for petitioner shortly after petitioner's arrest on the charge as referred to in the petition; that Mr. Freme represented petitioner throughout the proceedings in the Caribou Municipal Court and the Aroostook County Superior Court; that prior to arraignment in the Superior Court, Scott Brown, Esq., an attorney in Houlton, Maine, was also retained to represent the petitioner; that Mr. Freme and Mr. Brown both conferred with petitioner on several occasions, as well as with the County Attorney; that counsel discussed with him the matter of pleading "nolo contendere"; and that counsel was present with him in the Courtroom when that plea was entered upon his arraignment. It therefore follows that there is no basis or foundation of truth whatsoever in petitioner's allegation that he was denied the guarantee of his constitutional rights because of lack of assistance of counsel for his defense at every stage of the proceedings, and an opportunity to prepare a defense.

■ 6. Petitioner alleges that various facts should create reasonable doubt of the petitioner's guilt became known to officers of the Aroostook County Superior Court on and after August 10, 1952, and before your petitioner's conviction. He further states that testimony prejudicial to his interests, and which he had no opportunity to refute, became known to the Honorable Justice of the Aroostook County Superior Court in various legal actions of the said Gwendolyn Brown against your petitioner during the period September, 1951 to August, 1952; that said testimony was pertinent to the charge of attempt to murder, and prejudicial to your petitioner's interests; that petitioner, in violation of the due process of law, was denied

the right to face his accusers and be heard; and that he was denied the right to a fair and impartial trial and the due process of law in violation of the Constitution of the United States.

In his opinion, Judge Tirrell stated, "The plea on arraignment in Superior Court was 'nolo contendere', thus waiving all of the rights claimed by the petitioner by his reason (6) of said petition". Petitioner again states that Judge Tirrell's statement is a ruling which relies entirely on the Court record of conviction and does not rule on the Federal question.

Although a Petition for Writ of Habeas Corpus is not controverted by the Court record of conviction, this Court feels that petitioner has not set forth sufficient facts, which if considered to be true, would constitute a violation of his constitutional rights, as claimed. The petitioner does not indicate how the various legal actions brought by Gwendolyn Brown against petitioner prejudiced his interests; the nature of these actions; the basis of his statement that he was denied the right to face his accusers and be heard; and the basis for his contention that he was denied the right to a fair and impartial trial and due process of law, in view of his plea of "nolo contendere".

7. Allegation No. 7 deals with the bail set by the Judge of the Caribou Municipal Court after probable cause had been found against him for the crime of attempt to murder; refusal of officers of that Court to accept bail as proffered by prospective bondsmen; that subsequently bail was again offered for petitioner, but bail was then and there increased.

The Court does not feel it necessary to discuss this allegation at length, since here again the question raised concerns a detention prior to that from which the petitioner is presently seeking release.

It is hereby ordered that the Application for Writ of Habeas Corpus be accepted for filing by the Clerk of this Court, without prepayment of fees, and that it be duly filed by him, along with all other papers received from petitioner in connection with said application.

It is further ordered that the Application for a Writ of Habeas Corpus; the Motion for Production of Witnesses, Documentary Evidence, and Admission of Evidence; and the Motion to Take a Deposition of a Witness, be and hereby are

Denied.