Edgar DUPES, Petitioner-Appellee,

v.

Wilburn C. JOHNSON, Warden, Respondent-Appellant.

No. 16602.

United States Court of Appeals Sixth Circuit.

Dec. 3, 1965.

Ed R. Davies, Special Counsel for State of Tennessee, Nashville, Tenn., Henry C. Foutch, Asst. Atty. Gen., State of Tennessee, Nashville, Tenn., on brief; George F. McCanless, Atty. Gen. and Reporter, State of Tennessee, Nashville, Tenn., of counsel, for appellant.

Robert H. Dedman, Nashville, Tenn., for appellee.

Before PHILLIPS and CELEBREZZE, Circuit Judges, and CECIL, Senior Circuit Judge.

CECIL, Senior Circuit Judge.

Edgar Dupes, petitioner-appellee herein, was convicted of first degree murder at the May 1960 term of Criminal Court of Monroe county, Tennessee, and was sentenced to fifty years' imprisonment. He was charged jointly with two other accomplices of killing one J. R. Giles, on February 6, 1960. Upon conviction the appellee was confined in the Tennessee State Penitentiary.

The appellee, after exhausting his remedies by direct appeal and habeas corpus in the state courts of Tennessee, petitioned the United States District Court for the Middle District of Tennessee, Nashville Division, for a writ of habeas corpus. The district judge granted the appellee a hearing and upon the evidence adduced determined that a confession, admitted into evidence at the trial was coerced and involuntary. The court held that the conviction and judgment obtained by use of these statements were obtained without due process of law and that the judgment was therefore void. The judge then ordered the appellee released from further custody within ten days. The state of Tennessee appealed in the name of Wilburn C. Johnson, Warden, Tennessee State Penitentiary.

Counsel for the state disagree with the conclusion of the district judge but concede that there was evidence to support his findings and that they are not clearly erroneous. We are likewise of the opinion that the findings and conclusion of the district judge are supported by the evidence.

The argument is now advanced on behalf of the state that the appellee through his counsel, privately employed, waived

the right to now object in this proceeding to the admission of the confession into evidence at the trial. In support of this argument, it is claimed that appellee's counsel did not object at the trial to the introduction of the statements at the time they were offered into evidence.

This defense to the action in habeas corpus was not made in the District Court either by pleading or argument. Generally this Court will not consider questions on appeal that were not first heard and determined by the trial court. Duignan v. United States, et al., 274 U.S. 195, 200, 47 S.Ct. 566, 71 L.Ed. 996; Blair, Commissioner, v. Oesterlein Machine Company, 275 U.S. 220, 225, 48 S.Ct. 87, 72 L.Ed. 249; Burnet, Commissioner v. Commonwealth Improvement Co., 287 U.S. 415, 53 S.Ct. 198, 77 L.Ed. 399; General Utilities & Operating Co. v. Helvering, Commissioner, 296 U.S. 200, 206, 56 S.Ct. 185, 80 L.Ed. 154; Helvering, Commissioner v. Salvage, 297 U.S. 106, 56 S.Ct. 375, 80 L.Ed. 511; Helvering, Commissioner v. Tex-Penn Oil Co., 300 U.S. 481, 57 S.Ct. 569, 81 L.Ed. 755; Helvering, Commissioner v. Wood, 309 U.S. 344, 60 S.Ct. 551, 84 L.Ed. 796.

A coerced confession is a violation of a constitutional right. Lee v. State of Mississippi, 332 U.S. 742, 745, 68 S.Ct. 300, 92 L.Ed. 330; Brown v. State of Mississippi, 297 U.S. 278, 56 S.Ct. 461, 80 L.Ed. 682; Chambers v. State of Florida, 309 U.S. 227, 60 S.Ct. 472, 84 L.Ed. 716; Canty v. State of Alabama, 309 U.S. 629, 60 S.Ct. 612, 84 L.Ed. 988; White v. State of Texas, 309 U.S. 631, 60 S.Ct. 706, 84 L.Ed. 989, 310 U.S. 530, 60 S.Ct. 1032, 84 L.Ed. 1342; Lomax v. State of Texas, 313 U.S. 544, 61 S.Ct. 956, 85 L.Ed. 1511; Vernon v. State of Alabama, 313 U.S. 547, 61 S.Ct. 1092, 85 L.Ed. 1513; Lisenba v. People of State of California, 314 U.S. 219, 62 S.Ct. 280, 86 L.Ed. 166; Ward v. State of Texas, 316 U.S. 547, 62 S.Ct. 1139, 86 L.Ed. 1663; Ashcraft v. State of Tennessee, 322 U.S. 143, 64 S.Ct. 921, 88 L.Ed. 1192, 327 U.S. 274, 66 S.Ct. 544, 90 L.Ed. 667; Lyons v. State of Oklahoma, 322 U.S. 596, 64 S.Ct. 1208, 88 L.Ed. 1481; Malinski v. People of State of New York, 324 U.S. 401, 65 S.Ct. 781, 89 L.Ed. 1029; Haley v. State of Ohio, 332 U.S. 596, 68 S.Ct. 302, 92 L.Ed. 224; Jackson v. Denno, 378 U.S. 368, 376, 84 S.Ct. 1774, 12 L.Ed.2d 908; Rogers v. Richmond, 365 U.S. 534, 81 S.Ct. 735, 5 L.Ed.2d 760. Constitutional rights cannot be waived without a knowledge and understanding of them and without a clear and voluntary intention to waive them. Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461; Glasser v. United States, 315 U.S. 60, 70, 62 S.Ct. 457, 86 L.Ed. 680, reh. den. Kretske v. United States, 315 U.S. 827, 62 S.Ct. 629, 86 L.Ed. 1222; Aetna Insurance Co. v. Kennedy, 301 U.S. 389, 57 S.Ct. 809, 81 L.Ed. 1177; Ohio Bell Telephone Co. v. Public Utilities Commission, 301 U.S. 292, 57 S.Ct. 724, 81 L.Ed. 1093; Moore v. State of Michigan, 355 U.S. 155, 78 S.Ct. 191, 2 L.Ed.2d 167; Wood v. United States, 75 U.S.App.D.C. 274, 128 F.2d 265, 277. It is not necessary to decide in this proceeding whether the mere failure to make an objection would constitute a waiver of a constitutional right.

An examination of excerpts from the transcript of the record of the trial submitted to the District Court by stipulation of counsel, discloses that an objection was made to the introduction of the alleged confession. Bob Cooley, Sheriff of Monroe County, was asked if Dupes, the appellee, had made a confession. The sheriff answered that he had. He was then asked if Dupes repeated this statement in the presence of his co-defendant Kirkland. When he answered that he had so repeated it, he was asked to state what the appellee Dupes said in the presence of Kirkland. Mr. Kennard, attorney for Dupes, objected on behalf of both Dupes and Kirkland[1] on the

---

1. "Mr. Kinnard: We object to statements made by the defendant as to the defendant Kirkland; any statements made by the defendant Dupes, on the grounds that they are inadmissible under our State Constitution and our Federal Constitution—"

grounds that such confession was inadmissible under both state and federal constitutions. The trial judge in criminal court conducted a hearing in the absence of the jury. At the conclusion of the hearing he denied the objection and entered exceptions for both parties. The trial judge then recalled the jury and permitted the sheriff to testify to the alleged confessions and statements of Dupes. The question of the admissibility of this testimony was raised on motion for new trial and also on direct appeal. Under these circumstances we cannot say there was a waiver to the introduction of this testimony by reason of a failure to make a timely objection.

■ It is pointed out by counsel for the state that Mr. Kizer, attorney for Kirkland, brought out the testimony of the written confession and had it introduced through witness Walter Bearden. Mr. Bearden, an investigator for the Tennessee Bureau of Investigation, was present when the final statement was made by Dupes and is the one who reduced it to writing. The sheriff had testified to the statement and confession from memory. It appears that counsel for both parties desired to read the written statement that was signed by Dupes and Mr. Kizer asked that it be produced. The trial judge ruled that they could not see it without admitting it into evidence. We do not consider this a waiver of constitutional rights after the evidence had already been admitted over the objection of counsel.

■ It is further argued on behalf of the state that the admission of the testimony of the sheriff was not prejudicial because the deceased's brother had already testified to an admission of Dupes. This statement was made to Marvin Giles after the alleged confession was given. It was a repetition of a statement in the confession and a result of the coerced confession. We cannot agree that this statement to the deceased's brother would nullify the prejudice resulting from the testimony of the confession by the sheriff.

Prior to oral argument counsel for the appellee moved to strike the appellant's brief and to dismiss the appeal for the reason that the appellant raised a question on appeal which had not been presented to the District Court. We ruled that this motion could be presented to the Court with the oral arguments on the merits of the appeal. Preferring to consider the appeal on the merits, the motion to strike the appellant's brief and to dismiss the appeal is denied.

The judgment of the District Court is affirmed.