Otis WILLIAMS, et al., Plaintiffs-Appellants,

v.

UNITED DISTRIBUTIVE WORKERS, COUNCIL 30 AFL–CIO (SILVERCUP BAKERIES), et al., Defendants-Appellees.

No. 74–1776.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 16, 1975.

Decided Feb. 3, 1976.

Herman J. Anderson, Detroit, Mich., for plaintiffs-appellants.

George M. Maurer, J., Detroit, Mich., David L. Clark, John Corbett O'Meara, Riley & Roumell, Joseph R. Papp, Zwerdling, Maurer, Diggs & Papp, Detroit, Mich., for defendants-appellees.

Before EDWARDS, CELEBREZZE and LIVELY, Circuit Judges.

---

**510**

PER CURIAM.

Appellants, former employees of Silvercup Bakeries, Inc., which went bankrupt on or about October 30, 1970, filed suit against the union which had represented them in their employment with Silvercup and against the Pension Committee which handled distribution of benefits under the retirement plan. Appellants filed a lengthy pleading which in general terms attacks the administration of the retirement plan, and in particular defendant Pension Committee's actions which resulted in the disbursement of substantially all of the funds available under the retirement plan to the first class of beneficiaries consisting of persons who had retired prior to the time the company went out of business.

■ Defendants-appellees filed a motion for summary judgment, supported by affidavits, interrogatories, and exhibits, including the trust agreement implementing the Local 30 retirement plan. Plaintiffs-appellants filed no responsive affidavits. The District Judge granted summary judgment, holding that there were no disputed facts which showed that any disbursements were other than in accord with the provisions of the trust agreement.

■ At oral argument of this case appellants urged the court to reverse for determination as to whether or not the union and its Pension Committee had failed to discharge certain unspecified duties to appellants by delay in seeking to recover for said appellants funds which might be or might have been available as a result of intervention in the bankruptcy proceedings involving Silvercup. This complaint, however, was not included in the complaint filed before the District Court and cannot be the subject of adjudication on appeal.

On review of the briefs, records, oral argument and supplemental briefs on appeal, summary judgment is affirmed for the reasons set forth in the opinion and order entered by the District Judge dated January 30, 1974.