791 F.2d 934
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JOHN D. POLEY, et al. Plaintiffs-Appellants,
v.
THORP CREDIT, INC., et al. Defendants-Appellees.
 85-3347
 United States Court of Appeals, Sixth Circuit.
 4/28/86
 
 AFFIRMED
 S.D.Ohio
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO
 Before: RYAN, Circuit Judge, and CELEBREZZE and BROWN, Senior Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiffs-appellants appeal from an order of the district court granting summary judgment to defendants-appellees, Thorp Credit, Inc. and Rex T.V. and Appliances Center, Inc. in this action alleging disclosure violations of the Truth in Lending Act (TILA), 15 U.S.C. Sec. 1601, et seq.
 
 
 2
 In April of 1980, John and Jane Poley, husband and wife, purchased various household appliances from Appellee Rex. Rex made credit arrangements through Thorp, and the Poleys signed a retail installment contract on April 21, 1980. On March 27, 1981, the Poleys filed a complaint in the district court, requesting class action certification. Besides alleging violations of the TILA, Appellants also alleged violations of Ohio consumer statutes. Thorp filed a motion for a more definite statement and, on June 9, 1981, Appellants filed an amended complaint. Thorp moved to dismiss action on June 22, 1981, for failure to state a claim upon which relief could by granted.
 
 
 3
 On March 29, 1985, the district court, treating the motion to dismiss as a motion for summary judgment, granted it. The district court considered the six alleged violations of the TILA which were set forth in appellants' amended complaint. The court also noted that appellants had raised four more alleged violations of the TILA in a supplemental memorandum filed March 14, 1984. Because these allegations were not set forth in a second amended complaint, and were raised for the first time in the supplemental memorandum, the court stated, in footnote one of its opinion (App. 19), that it would not consider these additional allegations. However, after rejecting all six of appellants' properly raised assertions, the court, for the purpose of completeness, made findings on the four additional alleged violations. (App. 30-31.) The district court concluded that there were no genuine issues of material fact and that defendants were entitled to judgment as a matter of law. The court also denied as moot the request for class certification, and declined to exercise pendent jurisdiction over the Ohio statutory causes of action. (App. 31.) This appeal followed.
 
 I.
 
 4
 Although appellants state only one issue--whether the district court erred in holding that Thorp had not violated the disclosure provisions of the TILA and the corresponding regulations--they assert four distinct violations of the TILA: (1) the 'Statement of Transaction' portion of the contract includes information not required to be disclosed under the TILA which misleads and confuses the customer and detracts attention from the required disclosures in violation of 12 C.F.R. Sec. 226.6(c) (1980); (2) it is not clear whether the 'finance charge,' which may be refunded in part upon prepayment in accordance with the formula set forth in the 'Prepayment in Full and Refund' paragraph, refers to the 'Ohio Finance Charge' or the 'total finance charge,' the latter of which includes a service charge in addition to the basic finance charge; (3) the 'Prepayment in Full and Refund' paragraph is completely incomprehensible; and (4) the pertinent requlations are violated because the cotract separates the total amount of payments from the number, amount, and due dates of the payments.
 
 
 5
 Appellants' second and third contentions were not raised in any manner in the district court. This Court is 'not required to pass upon legal questions which were not raised in the district court,' City of Memphis v. Southern Bell Telephone & Telegraph Co., 316 F.2d 535, 537 (6th Cir. 1963), and generally we 'will not consider questions on appeal that were not first heard and determined by the trial court.' Dupes v. Johnson, 353 F.2d 103, 105 (6th Cir. 1965). See also Aluminum Co. of America v. Sperry Products, Inc., 285 F.2d 911, 915 (6th Cir. 1960), cert. denied 368 U.S. 890 (1961). For this reason, we will not address appellants' second and third contentions.[1]
 
 II.
 
 6
 Appellants contend that additional, non-required disclosures in the 'Statement of Transaction' portion of the contract confuse and mislead the consumer.[2] 12 C.F.R. Sec. 226.6(c) (1980)[3] states:
 
 
 7
 At the creditor's . . . option, additional information or explanations may be supplied with any disclosure required by this part, but none shall be stated, utilized, or placed so as to mislead or confuse the customer . . . or contradict, obscure, or detract attention from the information required by this part to be disclosed.
 
 
 8
 Appellants contend that the disclosure provisions for 'Adjusted Old Balance,' 'Combined Balance,' and 'Combined Balance Plus . . .' mislead and confuse the consumer. As stated by Thorp, the additional disclosure provisions to which appellants object enable a customer with an existing credit transaction to combine the balance thereof with the new transaction. Since appellants had no 'old balance,' these provisions did not apply to them. The district court, in its supplemental findings, found that '[t]he additional information is neither misleading nor confusing; nor does it contradict, obscure or detract attention from the required [TILA] disclosures.' (App. 30.) This finding is not clearly erroneous. Fed. R. Civ. Pro. 52(a).
 
 
 9
 Appellants' final contention relates to the separation, in the contract, of the total of payments from the number, amount, and due dates of payments. Appellants contend that 12 C.F.R. Sec. 226.8(b)(3) requires that all of these disclosures be made in the same portion of the contract, or at least in reasonable proximity to each other. Section 226.8(b)(3) requires the disclosure of '[t]he number, amount, and due dates . . . of payments . . . and . . . the sum of such payments using the term, 'total of payments'.' Appellants also contend that the generall contend that the general be made clearly, conspicuously, [and] in meaningful sequence,' 12 C.F.R. Sec. 226.6(a) (emphasis supplied), compels the disclosure of these four items in the same location in the contract.
 
 
 10
 This contention is without merit. Near the top of the contract, in the left column, is the following paragraph:
 
 
 11
 Buyer promises to pay Seller or assigns the Total of Payments shown in the STATEMENT OF TRANSACTION section in consecutive monthly installments consisting of a first installment of $70.63 and 35 installments of $70.63 each commencing June 5, 1980 and on like date of each month thereafter until paid.
 
 
 12
 The 'Statement of Transaction' section, in the adjacent right-hand column, and demarcated by vertical and horizontal lines, contains a 'Total of Payments' provision, indicating that it is the sum of lines 15 (Unpaid Balance--Amount Financed) and 16 (Finance Charge). This amount ($2,542.68) is clearly incorporated by reference into the paragraph quoted above. Since logically related terms are grouped together, and the items in this grouping are arranged in a logically sequential order, the disclosures are in 'meaningful sequence.' See Allen v. Beneficial Finance Co., 531 F.2d 797, 801 (7th Cir.), cert. denied 429 U.S. 885 (1976).
 
 
 13
 Accordingly, the decision of the district court granting summary judgment to Appellees is affirmed.
 
 
 
 [1]
 Similarly, issues raised for the first time in oral argument before this Court should not be considered on appeal. Williams v. United Distributive Workers Council 30 AFL-CIO, 529 F.2d 509, 510 (6th Cir. 1976). Therefore, we do not consider the asserted TILA violations raised by appellants for the first time at oral argument of this case
 
 
 [2]
 We note that this contention was raised for the first time in appellants' supplemental memorandum filed March 14, 1984. Since the district court, for the purpose of completeness, made a finding on this point, we will review that finding
 
 
 [3]
 Because the contract in this case was signed on April 21, 1980, the statutes and regulation which control are those in effect in 1980, before the Truth in Lending Simplification and Reform Act of 1980 and the corresponding regulations effective April 1, 1981. Part 226 of Title 12 of the 1980 Code of Federal Regulations, known as 'Regulation Z,' controls this case