690 N.W.2d 702 (2005)
471 Mich. 959
PEOPLE of the State of Michigan, Plaintiff-Appellee,
v.
Deleon D. TATE, Defendant-Appellant.
Docket No. 123641. COA No. 237039.
Supreme Court of Michigan.
January 21, 2005.
On December 9, 2004, the Court heard oral argument on the application for leave to appeal the March 18, 2003 judgment of the Court of Appeals. On order of the Court, the application for leave to appeal is again considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we VACATE the Court of Appeals judgment in part, and REMAND this case to the Wayne Circuit Court for a determination, either on the existing record or after an appropriate hearing, whether the defendant's typewritten confession was voluntary and therefore admissible under People v. Walker (On Rehearing), 374 Mich. 331, 132 N.W.2d 87 (1965). Under Lee v. Mississippi, 332 U.S. 742, 68 S.Ct. 300, 92 L.Ed. 330 (1948), and Boles v. Stevenson, 379 U.S. 43, 85 S.Ct. 174, 13 L.Ed.2d 109 (1964), the defendant had the right to challenge both the authenticity and the voluntary nature of the typewritten confession. In all other respects the application for leave to appeal is DENIED.
We do not retain jurisdiction.
CORRIGAN, J., dissents and states as follows:
I would deny leave to appeal. The majority vacates the Court of Appeals judgment in part and remands this case to the trial court to determine whether defendant was coerced into making a confession that was admitted at trial. Defendant, however, has already testified that he did not even make this statement, and he presented no evidence at his original Walker[1] hearing that this statement was coerced. Yet the majority now inexplicably grants defendant an opportunity to contradict his own sworn testimony and to relitigate an issue that has already been resolved.
The majority observes that a defendant may advance alternative and conflicting claims that a confession was coerced and that it was never made. See, e.g., Boles v. Stevenson, 379 U.S. 43, 85 S.Ct. 174, 13 L.Ed.2d 109 (1964); Lee v. Mississippi, 332 U.S. 742, 68 S.Ct. 300, 92 L.Ed. 330 (1948). For either alternative claim to succeed, however, it must, of course, have evidentiary support. A court's finding on a factual issue must always be based on evidence  not speculation, not arguments by lawyers, but evidence. A court may not logically find that a defendant's confession was coerced if no evidence has been presented to support such a finding.
Defendant testified that he signed a handwritten statement, and that this statement was coerced. But no such statement was ever admitted at trial. Rather, a separate, typewritten statement was admitted. Defendant testified that he did not sign the typewritten confession. Moreover, he presented no evidence that the typewritten confession was coerced. In short, defendant's testimony suggests that two separate statements are at issue: (1) a signed, handwritten statement that was allegedly coerced, and (2) a separate, typewritten statement that defendant claimed he did not sign.
The trial court submitted to the jury the question whether the typewritten statement *703 was authentic. The Court of Appeals affirmed,[2] and its analysis of this issue is persuasive:
Here, defendant did not make allegations of a fabricated statement with a forced signature. Rather, he claimed that he was coerced into making a statement in violation of his constitutional rights, but that the prosecution was attempting to introduce a different statement. Defendant did not testify at the Walker hearing that the typewritten statement introduced by the prosecutor was the same statement he allegedly gave involuntarily. Accordingly, whatever allegations defendant made regarding involuntariness and unconstitutional tactics were irrelevant to the statement. The trial court properly determined that, under these circumstances, it was not required to make findings on the issue of voluntariness, because the jury would resolve the questions pertaining to the statement's authenticity and credibility. The statement was therefore admissible, regardless of which witness was more credible as to defendant's allegations that the police coerced him to speak or that they ignored his invocation of his right to counsel. [Emphasis in original.]
The majority has not articulated why it believes the Court of Appeals analysis is flawed.
The majority further does not explain the portion of its order providing that the trial court on remand must make its determination "either on the existing record or after an appropriate hearing." This language suggests that defendant may be allowed to present additional evidence regarding the typewritten confession. The majority does not explain why or how the existing record might be insufficient. Nor does the majority explain why defendant should be entitled on remand to present evidence, including, perhaps, his own testimony, contradicting his previous sworn testimony that he did not sign the typewritten confession.
The majority also does not acknowledge that, at the original Walker hearing, the defense was free to present whatever admissible evidence it wished regarding the typewritten confession, including testimony from defendant or other evidence. For whatever reason, the defense presented no evidence that the typewritten statement was coerced. The trial court thus could not logically have found that this statement was coerced because there was no evidentiary basis for such a finding. The majority now grants defendant a second bite at the apple by remanding for another hearing, even though it has not identified a single flaw in the original Walker hearing or the decision by the trial court to warrant this extraordinary action.
NOTES
[1] People v. Walker (On Rehearing), 374 Mich. 331, 132 N.W.2d 87 (1965).
[2] Unpublished opinion per curiam, issued March 18, 2003, 2003 WL 1387085 (Docket No. 237039).