LEE *v.* STATE.

(In Banc.    Feb. 24, 1947.    Suggestion of Error Overruled April 14, 1947.)

[29 So. (2d) 211.   No. 36278.]

424

[30 So. (2d) 74.

**Will S. Wells**, of Jackson, for appellant.

**Greek L . Rice,** Attorney General, by **R. O. Arrington,** Assistant Attorney General, for appellee.

Jackson & Young and Will S. Wells, all of Jackson, for appellant, on suggestion of error.

430

**Alexander, J.,** delivered the opinion of the court.

The appellant was convicted of an assault with intent to ravish a female of previously chaste character, under Code 1942, Section 2361. The assigned errors which we shall discuss are: (1) the failure of the State to establish the corpus delicti; (2) the admission of a confession by accused; (3) admission of certain testimony; (4) the granting of the State's motion to reopen its case after both sides had rested; and (5) sentence under the wrong statute.

The following facts were testified to by witnesses for the State. The victim was awakened by severe blows upon her head evidently from an empty soft drink bottle. The screen window had been forced open and she saw a man at the window in the act of escaping. Neighbors saw a man leaving the premises at the time of the assault and the officers soon thereafter arrested appellant nearby and found him panting and out of breath as if he had been running and with his shoes and the lower part of his trousers wet.

Appellant was placed in jail and on the afternoon of the following day he was interrogated by two officers to

whom he confessed that it was he who had broken in the room and struck the victim three times while she was asleep in bed; that he had watched and waited outside while she prepared for bed, and that his intent was to ravish. There is no question whether any coercion was used by these officers, but, on the contrary, defendant testified they had "been nice to him" and had explained that his statement would be used against him and that such statement would be wholly voluntary. The details of the confession had never been suggested or known by any one other than the defendant. When he was requested to sign the statement after its reduction to writing, he refused to do so stating that during the morning two officers in the room and presence of the jailer "had treated him kind of bad." The interview was thereupon closed and his signature was not insisted upon.

The defendant testified that during the morning referred to, two plain clothes men had brought him to the office of the jailer and demanded that he confess the crime, and struck him twice with the warning that if he went "down stairs and said he didn't do it, it will be mighty bad for you." The said detectives were not introduced and the jailer denied that this incident occurred. The trial judge thereupon admitted the confession into the record.

The conduct of the two detectives, if true, would of course be indefensible and would warrant and receive our condemnation. Yet the issue of fact as well as credibility was for the trial judge upon such preliminary qualification, and we are not willing to disturb his conclusion. Street v. State, 200 Miss. 226, 26 So. (2d) 678.

The confession being admitted, we are of the opinion that it was available to suport the testimony adduced aliunde in establishing the corpus delicti. There was no room for doubt that the room had been burglariously entered and the assault and battery committed. The purpose of such entry and assault is necessarily provable circumstantially. Here the existence of a criminal intent

is clear and a specific intent to ravish is, at least, consistent with the proven facts and reasonably inferable. A burglarious breaking is evidence of some unlawful purpose, Thompson v. State, 124 Miss. 463, 86 So. 871; Moseley v. State, 92 Miss. 250, 45 So. 833. In the former an inference of intent to ravish was held justified, while in the latter the finding of a motive of theft rather than rape was approved by the Court, yet such issue involved was one of guilt and not of the corpus delicti. The direct proof was sufficient to admit the confession in aid of proof as to the body of the crime. Keeton v. State, 175 Miss. 631, 647, 167 So. 68; Gross v. State, 191 Miss. 383, 2 So. (2d) 818; Phillips v. State, 196 Miss. 194, 16 So. (2d) 630.

There was no error in admitting the testimony of Miss Nadine Wade for the State. Her testimony was that she saw, about the time of the assault, some one dressed in dark trousers "dart around the corner" of her house, which was two doors away from that of the victim. Such testimony was either relevant as incriminating or was entirely harmless. Hence its admission was not error.

After both sides had rested the State moved to reopen to introduce testimony it had overlooked, in the direct examination of the victim and her mother, to establish previous chastity. The trial court did not abuse its discretion in allowing this to be done. Ample opportunity for cross-examination was allowed. This proof was an element of the accusation of which defendant had been duly informed. Roney v. State, 167 Miss. 827, 150 So. 774; Brown v. State, 173 Miss. 542, 158 So. 339, 161 So. 465, rev. on other grounds, 297 U. S. 278, 56 S. Ct. 461, 80 L. Ed. 682; Clark v. State, 181 Miss. 455, 180 So. 602. Reddick v. State, 72 Miss. 1008, 16 So. 490, is distinguishable upon its facts, and contained other egregious errors requiring reversal.

The mere probability that appellant could have been prosecuted and sentenced under Code 1942, Section 2011, for assault and battery with a deadly weapon with intent

to ravish or under Section 2017 for an attempt, is met by the fact that he was indicted, tried, convicted and sentenced under Section 2361.

Affirmed.

On Suggestion of Error.

**McGehee, J.**, delivered the opinion of the court on suggestion of error.

We are urged to reconsider the question of whether or not the confession of the accused, which was testified to by the officers, was made freely and voluntarily. The proof on behalf of the State on that issue is that a statement was made by the accused in the presence of officers McLeod and Rogers, which was reduced to writing, but which he refused to sign, stating that "two men had treated him kind of bad during the forenoon" of that day; that thereupon officer Rogers stated that he "would not take a statement under those conditions from anybody," and the accused was then returned to his cell. The written confession, not having been signed, the details of the same were testified to by the officers at the trial.

The accused testified that these two men who had interviewed him during the forenoon were plain clothes men, and that they struck him at least twice when he refused to admit that he had committed the crime charged against him. He further testified that after they had thus treated him, they said: "If you go downstairs and say you did not do it, it will be mighty bad for you."

There was no testimony to the effect that he was mistreated by officers McLeod and Rogers on the occasion when they took his statement down in writing. The trial judge was zealous in his effort to try to ascertain the truth as to whether or not this confession was made freely and voluntarily, and he caused the jailer to be called as a witness, whom the accused said was present at the time he

was mistreated, and the jailer testified in substance that while he had no distinct recollection of the occasion, or whether he was even present at the time the interview was had, he was positive that no one had struck the accused on the occasion complained of or at any other time in his presence, although he admitted that sometimes prisoners were assaulted but "not unmercifully." However, he was not asked as to whether one of the two men who were said to have mistreated the prisoner made the statement to him that "If you go downstairs and say you did not do it, it will be mighty bad for you." Therefore the statement of the accused in that behalf is wholly undisputed in this record.

However, the accused steadfastly testified, both upon the hearing before the trial judge in the absence of the jury and on the trial on the merits before the jury, that he did not in fact admit to officers McLeod and Rogers that he had committed the crime. That is to say, he denied having made to them a confession of the details about which they testified. Therefore, his contention here that the confession testified to by the officers was not made at all, and his contention that such confession was not freely and voluntarily made on account of the previous mistreatment accorded to him prior thereto, cannot both be true. As was said in the case of Upshur v. Commonwealth, 170 Va. 649, 197 S. E. 435, 437, "If the defendant made no confession, it is evident that neither fear nor favor moved him. If he did make the confession, it is equally clear that his testimony upon trial was false. The successive positions of the defendant are not only inconsistent with each other, but they are mutually contradictory. To sustain his subsequent contention, he asks us to disregard his evidence, and accept as true the evidence of the officers that a confession was made, but to refuse to accept their evidence that it was voluntarily made."

If the accused had not denied having made any confession at all, we would feel constrained to reverse the

conviction herein because of the fact that his testimony as to the threat made to him during the forenoon by the plain clothes men is wholly undisputed, the jailer not having been asked about this threat, and having testified only that he was not struck by anyone in his presence after his arrest for this crime. But, we think that one accused of crime cannot be heard to say that he did not make a confession at all, and at the same time contend that an alleged confession was made under inducement of fear. We do not mean by this to say that one who claims to have been acting under fear when he makes statements which involve his guilt of crime cannot be heard to dispute that *some* of the statements embodied in an alleged confession were not actually made as disclosed by a written statement which he may or may not have signed, or as testified to by the officers as having been orally made, but we limit this holding to a case where an accused denies having made any statements in an alleged confession, and at the same time contends that he was acting under fear when he made them.

For the reasons hereinbefore stated, we are of the opinion that the suggestion of error should be, and the same hereby is, overruled.

Suggestion of error overruled.