## Perkins *v.* State

No. 43400 October 4, 1965 178 So. 2d 694

*Prewitt, Bullard & Braddock,* Vicksburg, for appellant.

*R. Hugo Newcomb, Sr.,* Asst. Atty. Gen., Jackson, for appellee.

SMITH, J.

The appellant Perkins was convicted of assault and battery with intent to kill and murder. Two propositions are assigned as grounds for reversal.

The first proposition is that the verdict was against the overwhelming weight of the evidence.

■ ■ There was testimony as to ill feeling between appellant and one Murry, the person assaulted, as the result of previous quarrels and fights. There was sufficient evidence to warrant the jury in finding that upon the occasion in question appellant shot Murry twice while the latter was unarmed and appellant was in no real or apparent danger at his hands. Appellant's request for a directed verdict of not guilty was properly denied.

The second proposition assigned is that it was error for the trial court to grant a request of the jury, made after it had retired and was deliberating, for permission to examine the scars left by the wounds upon the body of Murry.

An objection to this procedure was duly interposed and overruled, and the examination in the presence of the court was permitted. During the course of the trial, these scars had been exhibited to and had been examined by the jury without objection.

The facts relating to this re-examination are contained in a bill of exceptions which, although not signed as required by Mississippi Code Annotated sections 1532-1534 (1956), will be considered for the purposes of this opinion as having been adopted and supplemented by a statement of the trial court which appears in the record.

The bill of exceptions, as supplemented by the statement of the trial court, shows that the jury was returned to the courtroom and was permitted to examine again the scars on Murry's body. During the course of this examination, Murry began to make some statement regarding the nature or location of the bullet wound in his side, but immediately was interrupted by the court who instructed him not to communicate with the jury. One of the jurors then expressed a desire to ask a question, but the court declined to allow him to do so. The court instructed the jury that no questions would be permitted, and that they were limited to an examination of the scars.

■■■ Ordinarily, the reopening of a case after it has been submitted to the jury and before verdict for the purpose of receiving further evidence is a matter addressed to the sound judicial discretion of the trial court. Lee v. State, 201 Miss. 423, 29 So. 2d 211 (1946), suggestion of error overruled in 201 Miss. 423, 30 So. 2d 74 (1947); reversed on other grounds, 332 U. S. 742, 68 Sup. Ct. 300, 92 L. Ed. 330; mandate conformed to 203 Miss. 264, 34 So. 2d 736.

This rule imports a requirement that a cogent reason be found to exist which demands reopening in order that justice may be done. Moreover, when a case is reopened for the reception of further evidence, it must be done in such a manner that the rights of all parties will be protected and ample opportunity afforded them for cross examination or rebuttal, and even for requesting additional instructions, if the matters introduced should reasonably require them.

Here the case was not actually reopened. No application to reopen was made. Nor does it appear that there was any reason, cogent or otherwise, to reopen the case at this point. The procedure allowed by the court permitted these wounds to be exhibited to the jury again, long after both sides had rested and closed, the instructions of the court had been received, and arguments concluded. The reporter was then absent, and there was no opportunity under the circumstances for appellant to counteract by cross-examination, or by further proof, the prejudicial effect of allowing the prosecuting witness again to point out the two wounds upon his body which he claimed were inflicted by appellant.

This exhibition of wounds by Murry upon his body, such wounds already having been exhibited as part of the State's case in chief, was not "further" evidence, or evidence essential to the prosecution's case inadvertently omitted during the course of the trial. It is doubtful that it had any probative value and was of a character

peculiarly calculated to inflame and prejudice the jury. Riley v. State, 248 Miss. 177, 157 So. 2d 381 (1964).

 ██ It was error for the trial court to permit the examination under the circumstances appearing in the record, and for this error the case is reversed and remanded.

Reversed and remanded.

*Ethridge, P. J., and Rodgers, Jones, and Patterson JJ.,* concur.