Ernie Ree **AINSWORTH,**
**Petitioner-Appellant,**

v.

Jack **REED,** Superintendent of the Mississippi State Penitentiary, Parchman, Mississippi, Respondent-Appellee.

No. 76–1292.

United States Court of Appeals,
Fifth Circuit.

Nov. 10, 1976.

Rehearing and Rehearing En Banc Denied
Dec. 6, 1976.

**244**

Delos H. Burks, Stewart & Burks, Picayune, Miss., Heber A. Ladner, Jr., Jackson, Miss., for petitioner-appellant.

A. F. Summer, Atty. Gen., Edwin A. Snyder, Sp. Asst. Atty. Gen., Jackson, Miss., for respondent-appellee.

Before COLEMAN, GODBOLD and HILL, Circuit Judges.

GODBOLD, Circuit Judge:

This is an appeal from the denial of habeas corpus to a state prisoner. Petitioner was convicted of selling a small amount of marijuana to a long-time friend who was acting as a police informant. His defense was entrapment.

Before the federal habeas court and this court he has contended that the police activity involved in connection with his offense was so outrageous that it violated due process.[1]

Entrapment is not a constitutional doctrine. Rather it is a court-created limitation on governmental activity. See *Sorrells v. U.S.* 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413 (1932); *Sherman v. U.S.,* 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958). In *U.S. v. Russell,* 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973), the Supreme Court expressly rejected a plea to raise to a constitutional status the doctrine of entrapment as a defense. In dictum in *Russell* the Court said that it might some day be faced with conduct by law enforcement officers so outrageous that due process might be violated.[2] Certainly the present case, to borrow a phrase from *Russell,* "is distinctly not of that breed." The governmental activity, while aggressive and pursued through an informer who was a friend of the petitioner, cannot be fairly characterized as "outrageous." While distasteful to petitioner, and perhaps distasteful in the sense that one wishes it were not necessary for police to fight drug traffic in this way, it hardly goes beyond routine procedures, with the possible exception of the evidence that the reserve police officer actively pushing the investigation was "bucking" for a permanent job, and this was neither illegal nor "outrageous." Indeed, every officer aggressively pursuing his duties may be motivated in part by desire to improve his rank, pay, or efficiency rating. Petitioner

1. Petitioner's specific argument to us is that he was entitled to a directed verdict of acquittal because the evidence shows that, as a matter of law, he was entrapped, thus the denial of a directed verdict was a violation of due process and equal protection. Sufficiency of the evidence is not a constitutional issue. We, therefore, address directly the claim of a constitutional violation, stripped of sufficiency of evidence considerations.

On his direct appeal to the Mississippi Supreme Court petitioner asserted that the verdict of the jury was against the overwhelming weight of the evidence. The court rejected this and held that entrapment was properly submitted to the jury and that the evidence supported the verdict. *Ainsworth v. State,* 304 So.2d 656 (Miss., 1975).

2. *Compare Hampton v. U. S.,* 425 U.S. 484, 96 S.Ct. 1646, 48 L.Ed.2d 113 (1976). The three-judge opinion of the Court seems to say that entrapment can never rise to constitutional di-

mension if there is evidence of predisposition (there was such evidence in the instant case). The concurring opinion of Justices Powell and Blackmun takes issue with this view.

In *Cox v. Louisiana,* 379 U.S. 559, 85 S.Ct. 476, 13 L.Ed.2d 487 (1965), demonstrators were told by police where they could hold a demonstration, and the police blocked off the area and rerouted traffic. The demonstrators held their demonstration at the described place and were arrested on charges of violating a statute that forbade assembly "near" a courthouse. The Court, quoting from *Raley v. Ohio,* 360 U.S. 423, 79 S.Ct. 1257, 3 L.Ed.2d 1344 (1959), referred to the state action as "an indefensible sort of entrapment by the State—convicting a citizen for exercising a privilege which the State had clearly told him was available to him." 379 U.S. at 571, 85 S.Ct. at 484, 13 L.Ed.2d at 496. Nothing of this nature took place in the present case.

argues that it is outrageously improper for the police to use an informer to make a buy before they have information sufficient to constitute probable cause. This novel argument is supported by no authority. Petitioner finds particularly offensive the fact that the informant made several unsuccessful attempts to buy and each time was told by petitioner that he had no marijuana. Petitioner draws from this the inference that he was overborne by his friend. But one can as well infer that petitioner was trying to hold on to his potential purchaser until he had marijuana on hand. All of this was factual grist for a jury to examine in considering all the facts of the offense, the governmental activity, and the accused's predisposition.

In short, petitioner has not established a claim of constitutional dimension. Our view is that the case was properly submitted to the jury. But even if we thought otherwise, a writ of habeas corpus could not issue.

AFFIRMED.