383 So.2d 821 (1980)
James Edward LEE, Jr.
v.
STATE of Mississippi.
No. 51867.
Supreme Court of Mississippi.
May 14, 1980.
*822 Johnston & Steinberger, Albert S. Johnston, III, Pascagoula, for appellant.
A.F. Summer, Atty. Gen. by Susan L. Runnels, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROBERTSON, P.J., and LEE and BOWLING, JJ.
LEE, Justice, for the Court:
James Edward Lee, Jr. was convicted in the Circuit Court of Jackson County for distribution of a controlled substance (cocaine), was sentenced to serve a term of fifteen (15) years in the Mississippi State Penitentiary, and was fined fifteen thousand dollars ($15,000). He appeals from the judgment of the trial court and assigns three (3) errors in the trial below.
On October 27, 1977, a confidential informant of the Mississippi Bureau of Narcotics arranged for the appellant, known at the time only as "Jumbo," to meet with Agent Richard Humphreys for the purpose of selling him cocaine. Agent Humphreys met with appellant and the confidential informant at the appointed time in the Grant Plaza Shopping Center parking lot in Jackson County. Humphreys purchased two (2) grams of cocaine for one hundred dollars ($100.00). Agent Richards, also with the Bureau of Narcotics, observed the transaction from a short distance away.

I.
Did the lower court err in refusing to dismiss the indictment on the ground that appellant was tried and convicted of a crime more than two hundred seventy (270) days after arraignment?
Appellant was indicted at the April 1978 Term of court and arraigned on May 1, 1978. A motion for discovery was filed May 9, 1978, and an order granting same was entered June 19, 1978. Motion for a continuance was sustained October 6, 1978, with some question as to who requested the continuance. On January 18, 1979, continuance was granted at the request of the appellant until the April 1979 Term of court. On May 2, 1979, a motion to dismiss was filed, a hearing was held, the motion was denied, and a continuance was granted at the request of appellant on May 3, 1979, until date of trial, May 18, 1979. The trial on that date resulted in a mistrial. Appellant was tried again on May 21, 1979, and was convicted. Appellant admits that he is responsible for part of the delay in that he sought and was granted a continuance on January 18, 1979, until the next April 1979 Term of court. However, evidence at the hearing on appellant's motion to dismiss indicated that the delay, or continuance, during the October 1978 Term of court was granted after defense counsel notified the district attorney of a conflict in his trial schedule. The continuance was noted on the judge's trial docket, although no formal order was ever entered. In overruling the motion to dismiss, the trial judge found that continuances granted at the request of the appellant were responsible for the delay in excess of 270 days, and we are unable to say that he erred in so holding. Therefore, we reject this contention of the appellant.

II.
Did the lower court err in admitting testimony concerning an incriminating statement made by appellant when the same had not been furnished to the defense counsel in the discovery order, prior to trial?
Appellant filed a motion for discovery prior to trial, and the motion was sustained. The statement in question was made by appellant at the time of his arrest. According to Agent Humphreys, appellant said that he knew he had done wrong. The *823 statement was not made available to the defense attorney prior to trial, since it was not reduced to writing. The district attorney's office was not notified of the statement until shortly before trial.
Appellant relies upon Armstrong v. State, 214 So.2d 589 (Miss. 1968), wherein it was held that an accused should be permitted to inspect tangible evidence which may be used against him or which may be helpful to his defense. In the case sub judice, the statement in question was not tangible evidence, since it had not been reduced to writing, nor was it in possession of, or known by, the district attorney's office at the time the discovery order was granted. Appellant had the right to subpoena and talk to all witnesses, including the officers, in order to determine what their testimony would be, and such procedure on the part of appellant could have brought that information to his attention. Furthermore, there is no showing in the record that appellant was prejudiced by not being informed of the statement prior to trial. Therefore, we find no merit in this assignment.

III.
Did the lower court err in reopening the case at the request of the prosecution to receive further evidence after the jury retired to consider its verdict?
The jury retired and took into the jury room, along with other physical evidence, State's Exhibit A, which was the investigative report of Agent Humphreys. The jury discovered that page 3 of the report was missing, and so informed the trial judge, who ordered the cause to be reopened to explain the omission. Agent Humphreys testified that the page was inadvertently omitted. Appellant's counsel was afforded an opportunity to cross-examine Humphreys and did engage in lengthy cross-examination.
In Perkins v. State, 253 Miss, 652, 178 So.2d 694 (1965), the Court held that ordinarily the reopening of a case after it has been submitted to the jury and before verdict for the purpose of receiving further evidence is a matter addressed to the sound discretion of the trial judge. The Court also stated that a strong reason must exist for reopening the cause, and when permitted, it must be done in such way as to afford ample opportunity for cross-examination or rebuttal. We are of the opinion that the trial judge did not abuse his discretion in reopening the case for this one purpose, and, again, there is no indication that the appellant was prejudiced by such action.
Therefore, the judgment of the lower court is affirmed.
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, BOWLING and COFER, JJ., concur.