415 So.2d 689 (1982)
Albert TURNER and Freddie Sparks
v.
STATE of Mississippi.
No. 53152.
Supreme Court of Mississippi.
May 26, 1982.
*690 Roy O. Parker & Associates, Nora J. Hall, Tupelo, Burdine & Austin, Curtis H. Austin, Columbus, for appellant.
Bill Allain, Atty. Gen. by Amy D. Whitten, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before WALKER, P.J., and DAN M. LEE and DARDEN, JJ.
WALKER, Presiding Justice, for the Court:
The appellants, Albert Turner and Freddie Sparks, were convicted in the Circuit Court of Lee County of selling cocaine, a controlled substance.
Albert Turner was sentenced to serve a term of seven years in a facility designated by the Department of Corrections with two years of said sentence suspended on good behavior and to pay a fine of $2,000.00 and cost of court.
Freddie Sparks was sentenced to serve a term of twelve years in a facility designated by the Department of Corrections with two years of that sentence suspended on good behavior and to pay a fine of $3,000.00.
*691 Feeling aggrieved, appellants have prosecuted their separate appeals. The appellants were represented by separate counsel in the trial court and are represented by separate counsel on this appeal.

APPEAL OF ALBERT TURNER
Turner first contends that the trial court erred in denying his motion for a severance.
Turner's motion for a severance was based on the fact that his co-indictee, Freddie Sparks, was going to plead entrapment which necessarily entails the admission of the acts charged in the indictment. In his motion, Turner argued that he did not intend to offer such a defense, that forcing him to be tried along with his co-defendant would prevent him from receiving a fair and impartial trial and would be a denial of due process rights under the Constitutions of the State of Mississippi and the United States.
The record reveals that Turner's motion for a severance was not made until the day of trial after the court called their case and asked the parties if they were ready. The record also shows that the question of entrapment was considered by Turner himself because he requested from the state any evidence that would tend to establish the defense of entrapment.
The court ruled, among other things, that the motion was not timely made.
During his motion, Turner's counsel stated to the court that he had "recently", learned that Freddie Sparks was going to plead entrapment. However, counsel did not explain what he meant by "recently" and that is such a relevant term that we do not know whether he meant several days or several weeks as the indictments were returned on February 5, 1980, and the trial was not begun until December 4, 1980. When time is a necessary element to be used in this Court's determination of whether the trial court was correct in a particular ruling, it is incumbent upon the movant to make a full and complete record for this Court to review in making its decision. Absent such a record, we have no basis upon which to make a determination of whether the trial court ruled correctly. The presumption in such circumstances is that the trial judge was fully advised (although this is not reflected by the record), and that his ruling was proper. The rule is well settled that motions, of whatever character, must be timely brought to the attention of the court or they will be overruled.
Moreover, the only authorities cited by Turner are Mississippi Code Annotated section 99-15-47 (1972) which states, in part, that an application for a severance should be made prior to arraignment, and the case of Bolin v. State, 209 Miss. 866, 48 So.2d 581 (1950), which holds that granting a severance is within the discretion of the trial court.
We are unable to say from this record that the trial court abused its discretion in denying Turner's motion for a severance.
The appellant next contends that the trial court erred in allowing testimony concerning conversations which took place in the co-defendant's automobile at the time of the sale.
Prior to trial Turner had made a request for discovery under the Mississippi Uniform Criminal Rules of Circuit Court Practice, Rule 4.06 (1979), which rules are to be found at 370 So.2d Mississippi Reports XXXVII. Appellant's motions were extremely comprehensive; they asked for, among other things, the following:
(1) All statements written, recorded and oral by the defendant;
(2) All conversations, written, recorded and oral in which the defendant participated; and
(3) The full text of the conversation referred to in overt act number one of the indictment.[1]
The motions also requested "copies of any exculpatory material concerning defendant."
*692 The state voluntarily complied with the motions. However, during trial, the state tendered the testimony of Agent Spillers concerning a tape recording of the alleged cocaine sale. Appellant objected on the basis that he had not received the particular tape as a part of the material divulged by the state in discovery and would be prejudiced by any testimony concerning the tape. The jury was excused, and following a discussion, the motion was overruled. The state continued to examine Spillers and ultimately sought to admit the tape and play it before the jury. At this point, the trial judge, sua sponte, excused the jury and ruled that the state had breached its discovery duty in not furnishing the tape upon request. He then sustained appellant's motion as to the admission of the tape itself and refused to admit it into evidence.
The appellant contends in his brief that he was denied the opportunity to examine the most damaging evidence the state had against him; this resulted in an impossibility of preparation of a proper defense.
The trial court allowed Agent Spillers to testify as to the cocaine sale transaction that occurred in the co-defendant's automobile at which sale Turner, the co-defendant Sparks, and Spillers were present. However, the court did not admit the tape recordings of the transaction into evidence.
Rule 4.06 is not an exclusionary rule; that is, it does not necessarily preclude the introduction of evidence not furnished under the motion for discovery. That rule provides, in part:
If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with an applicable discovery rule or an order issued pursuant thereto, the court may order such party to permit the discovery of material and information not previously disclosed, grant a continuance, or enter such other order as it deems just under the circumstances.
Willful violation by counsel of an applicable discovery rule or an order issued pursuant thereto may subject counsel to appropriate sanctions by the court. (370 So.2d at LV).
When the district attorney attempted to introduce the tapes into evidence, the trial court, without any motion being made, sent the jury to the juryroom. The tapes were then and there available to Turner's counsel upon his request. No motion for a recess was requested by counsel for defendant to allow him time in which to examine the tapes that is shown by the record. Counsel only made a motion for a mistrial based in part on the nonproduction of the tapes. This motion was overruled. The appellant does not contend that the tapes contained any exculpatory material and does not invoke the doctrine with reference to the suppression of evidence favorable to an accused when requested that was laid down in Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).
The underlying question to be decided on review of discovery nondisclosure in criminal cases is whether any prejudice befell appellant as a result of actions and rulings of the trial court. Lee v. State, 383 So.2d 821 (Miss. 1980).
The appellant did not demonstrate on his motion for a new trial nor has he demonstrated on this appeal wherein he was prejudiced in any manner whatsoever by not having the particular tape to review prior to trial. Furthermore, appellant cites no authority in his brief with respect to this issue except the citation of the discovery rule mentioned above. The court did not err in allowing agent Spillers to testify with regard to the cocaine sale transaction.
Turner next contends that the court erred in denying him instruction D-1A.
There is no merit to this assignment of error. When all of the instructions to the jury are read as a whole, they fairly instructed the jury as to the law and their duties.
Therefore, the verdict, judgment and sentence of Albert Turner are affirmed.

APPEAL OF FREDDIE SPARKS
Freddie Sparks did not deny his participation in the acts charged by the state but *693 interposed the defense of entrapment. On appeal, he contends that the lower court erred in finding him guilty in that the verdict was against the overwhelming weight of the evidence.
The theory of entrapment operates to excuse a criminal act where it was not originally contemplated by the perpetrator but was induced by authorities. The doctrine is not applied as a matter of constitutional right but as a court created limitation on governmental activity. Ainsworth v. Reed, 542 F.2d 243 (5th Cir.1976); reh. den., 544 F.2d 518, cert. den., 430 U.S. 917, 97 S.Ct. 1332, 51 L.Ed.2d 596. It is an affirmative defense and must be interposed and proved by the defendant. The state bears no burden of proof until a prima facie case has been made out by the defense. Alston v. State, 258 So.2d 436 (Miss. 1972). See also Carroll v. State, 396 So.2d 1033 (Miss. 1981). Whether or not the defendant was entrapped by an officer of the state is to be determined by the jury under proper instructions. Boone v. State, 291 So.2d 182 (Miss. 1974); Jones v. State, 285 So.2d 152 (Miss. 1973); Smith v. State, 248 So.2d 436 (Miss. 1971).
The question of entrapment as to Sparks was decided by the jury under proper instructions and on conflicting evidence. In our opinion, the evidence more than amply supported the verdict of the jury finding Sparks guilty contrary to his defense of entrapment.
Therefore, the verdict, judgment and sentence of Freddie Sparks are affirmed.
AFFIRMED AS TO FREDDIE SPARKS AND AFFIRMED AS TO ALBERT TURNER.
PATTERSON, C.J., SUGG, P.J., and BROOM, ROY NOBLE LEE, BOWLING, DAN M. LEE and DARDEN, JJ., concur as to Freddie Sparks.
PATTERSON, C.J., SUGG, P.J., and BROOM, ROY NOBLE LEE, BOWLING and DARDEN, JJ., concur as to Albert Turner.
DAN M. LEE, J., takes no part as to Albert Turner.
HAWKINS, J., specially concurs.

APPENDIX "A"

IN THE CIRCUIT COURT OF LEE COUNTY, MISSISSIPPI
STATE OF MISSISSIPPI
VERSUS NO. 18,231 
ALBERT TURNER
----------------------------------------------
 MOTION FOR DISCOVERY
----------------------------------------------
Comes now the defendant, Albert Turner, by and through his attorney of record, Curtis Austin, and makes the following request pursuant to the Mississippi Uniform Criminal Rules of Circuit Court Practice, Rule 4.06, as follows to-wit:
1. Names and addresses of all witnesses in chief proposed to be offered by the prosecution at the trial;
2. Copies of any written statement from the defendant;
3. Copies of criminal records of the defendant, if proposed to be used to impeach;
4. Copies of crime lab reports or reports of any tests made;
5. Exhibits and physical evidence and photos to be offered in evidence; and
6. Copies of any exculpatory material concerning defendant.

IN THE CIRCUIT COURT OF LEE COUNTY, MISSISSIPPI
STATE OF MISSISSIPPI
VERSUS NO. 18,257 
ALBERT TURNER
----------------------------------------------
 MOTION FOR DISCOVERY
----------------------------------------------
Comes now the defendant, Albert Turner, by and through his attorney of record, Curtis Austin, and makes the following request pursuant to the Mississippi Uniform Criminal Rules of Circuit Court Practice, Rule 4.06, as follows to-wit:
*694 (1) All statements written, recorded and oral, by the defendant; and
(2) All conversations, written recorded and oral, in which the defendant participated; and
(3) The full text of the conversation referred to in overt act number one of the indictment; and
(4) The conversation referred to in overt act number two of the indictment; and
(5) All conversations and statements by the co-defendants named in the indictment; and
(6) Any conversation or statement by any person which the People intend to offer into evidence against Albert Turner and or either or both of the defendants; and
(7) With respect to each of the conversations and statements referred to above, state whether the conversation was written, oral and/or recorded.
(8) In the event the conversation or statement was oral but not recorded, turn over a statement setting forth the full and exact statement together with all notes.
(9) In the event the conversation or statement was written turn over a copy of the written statement.
(10) In the event the conversation or statement was recorded, turn over a copy of the recording to the defense.
(11) Directing the prosecution to disclose:
(a) Whether Albert Turner or either of the codefendants has been the subject of electronic surveillance, eavesdropping, search or seizure or interrogation;
(12) The true names and addresses of all witnesses:
(a) Who the prosecution intends to call to testify at the trial; and/or
(b) Who were present when the alleged narcotics were seized; and
(c) Who have any information which would tend to establish the defense of entrapment, agent of the buyer, who have knowledge of any bargain, promises, inducements or deals between any party to any of the conversations referred to in the indictment and any governmental agency.
(13) Directing the prosecution to disclose the true names and addresses of any and all persons who participated in the investigation leading to the arrest and indictment of Albert Turner including:
(a) All civilian informants, confidential or otherwise, and;
(b) The promises, rewards and inducements offered them for their cooperation, and;
(c) Their B.C.I. and F.B.I. arrest records;
(d) All police, D.E.A. and other law enforcement personnel; and
(e) An exact statement of their roles in the investigation; and
(f) The personnel folder of every such individual.
HAWKINS, Justice, specially concurring:
I agree with the result reached in this case.
Any failure of the State to comply with Rule 4.06 regarding discovery should be deemed serious, in my view.
While the rule itself is not an exclusionary rule, exclusion of evidence violative of this rule may very well be a proper sanction and indeed the only feasible sanction.
In this case it appears there was no clear understanding between the State and Turner's counsel as to what he had been given. Counsel made a broad and comprehensive discovery motion, parts of which are not encompassed by Rule 4.06. If he had wanted to be sure precisely what he was or was not being given under this particular motion, he should either have had a clear, unequivocal understanding with the district attorney or secured a court order stating what he was and was not entitled to. He did neither.
The court excluded playing of the tape of Turner's conversation with Agent Spillers, but permitted Spillers to testify what Turner had told him.
Because Turner's counsel never showed he had been denied access to this tape, and *695 especially because he never showed or even claimed either at trial or on appeal he had been caught by surprise, or was prejudiced in any manner whatsoever, no harmful error ensued in Agent Spillers' testimony.
NOTES
[1] See Appendix "A" for Turner's extensive motions for discovery.