SOUTHWICK, P.J.,
for the court.
¶ 1. Kenneth Pulliam was convicted by a Leake County Circuit Court jury of his first offense of driving under the influence. On appeal, Pulliam argues that the State should not have been permitted to reopen its case, and that he was entitled to a directed verdict. We disagree and affirm.
*463 STATEMENT OF FACTS
¶ 2. Shortly after midnight on the morning of July 26, 2000, officers manning a vehicle safety checkpoint stopped Kenneth Pulliam, who was leaving the Neshoba County fairgrounds with a young child following a concert. The highway patrolman’s suspicions were aroused by Pul-ham’s bloodshot eyes, slurred speech, and the odor of alcohol. After Pulliam exited his vehicle, he was given three portable breath tests. Because of the results, Pul-ham was then escorted to the Leake County jail. There his blood was found to have an alcohol content of .105%. At the time of the offense, it was a crime to operate a motor vehicle with a blood alcohol concentration of .10% or more. Miss.Code Ann. § 63-11-23 (Supp.2001).
¶ 3. Pulliam was later convicted in justice court of a first offense of driving under the influence. After appealing to circuit court, he was retried and again convicted. This is his next appeal.

DISCUSSION

1. Reopening of the State’s case

¶ 4. Pulliam first challenges the lower court’s actions in allowing the prosecution to reopen its case. Once the State rested, Pulliam moved for a directed verdict based on the failure of the State to prove the calibration of the intoxilyzer machine. In its case in chief, the prosecution offered the intoxilyzer’s operation checklist utilized by the highway patrolman and the test card containing Pulliam’s results. Both were admitted into evidence. However, Pulliam raised a hearsay objection to the log book showing that Pulliam tested at a .105% blood alcohol concentration, and to the calibration certificates from before and after Pulliam’s test. The judge sustained the objection.
¶ 5. Pulliam based his motion for directed verdict at the close of the State’s case solely on the alleged failure of the prosecution to demonstrate the equipment’s proper calibration. The following exchange occurred during the hearing on Pulliam’s motion:
BY THE COURT: Where is your evidence the machine had been calibrated?
PROSECUTOR: That’s what I was trying to get in, and, I was not allowed to.
BY THE COURT: You were trying to get in the log book.
PROSECUTOR: That, and, through the log, it was certified, and, it was shown that it had been calibrated. The pink slips are the certification of calibration.
BY THE COURT: I didn’t know that’s what you were doing.
The trial court then reconsidered and reversed its earlier ruling on the hearsay objection, allowed the State to reopen its case, and admitted evidence of the intoxi-lyzer’s calibration.
¶ 6. Pulliam admits that a trial court has the discretion to reopen a case in its conduct of a trial. Moran v. State, 822 So.2d 1074, 1076 (Miss.Ct.App.2002). However, he argues that the trial court abused its discretion on this occasion. Pulliam draws a parallel with Perkins v. State, 253 Miss. 652, 178 So.2d 694 (1965). In Perkins, the trial court allowed the jury to reexamine a victim’s wounds after both parties had rested, the court had delivered its instructions, and the jury had begun its deliberations. Id., 178 So.2d at 695. There is a prerequisite that “a cogent reason be found to exist which demands reopening in order that justice may be done.” Id. Finding none, it reversed the lower court’s judgment after noting that *464 the ease technically had not even been reopened. Id.
¶ 7. Here, we do not find that the trial court’s actions constitute error. The prosecutor had attempted to have evidence admitted that would avoid the directed verdict argument. The trial court, perhaps not appreciating the purpose of that evidence, had excluded it on an incorrect ruling regarding hearsay. Upon reconsidering the issue immediately after the State had rested, the judge corrected the effect of that error. A trial court needs to be open to correcting its own error regardless of the party affected, within the bounds of the defendant’s rights and proper procedures.
¶ 8. There was a cogent reason for reopening and no abuse of discretion.

2. Admissibility of evidence

¶ 9. Even accepting that the State’s case could be reopened, Pulliam argues that the calibration certificates were inadmissible. Evidence of “the chemical analysis of a person’s breath, blood, or urine is only valid where it can be determined (1) that the proper procedures were followed; (2) the operator of the machine was properly certified to perform the test; and (8) the accuracy of the machine was properly certified.” State v. Blenden, 748 So.2d 77, 84 (Miss.1999). Pulliam’s challenge attacks only the third element, the proof of the machine’s accuracy.
¶ 10. This Court has found that evidence of the machine’s accuracy may be from either the testimony of the calibrating officer or the certificate of calibration. Jones v. State, 798 So.2d 592, 596 (Miss.Ct.App.2001). Upon reopening its case, the State offered duplicates of the certificates of calibration immediately before and after Pulliam’s test. Both were admitted into evidence. Also admitted was the log book indicating Pulliam’s test results, but that is insignificant since there had already been testimony regarding the test results shown on the log book page.
¶ 11. We have already addressed that a trial judge has the inherent right to reconsider evidentiary rulings. Substantial latitude is afforded a trial court regarding the admissibility of evidence. Clemons v. State, 732 So.2d 888, 887 (Miss.1999).
¶ 12. Pulliam also argues that certificates were inadmissible hearsay because they were not properly authenticated. At trial, though, Pulliam actually admitted the self-authenticating nature of the certificates when making his hearsay objection to the introduction of the log book. Certificates of intoxilyzer calibration are statutorily mandated. Miss.Code Ann. § 63-11-19 (Supp.2002). It is implicit within a reading of both the statute and the resulting body of law that the certificates are to be maintained or filed somewhere. The obvious place for filing is where the machines whose accuracy they certify are located. The certificates are an example of a “public record,” the authentication of which is contemplated by our evidentiary rules. M.R.E. 901(b)(7). See also Mcllwain v. State, 700 So.2d 586, 591 (Miss.1997) (holding that calibration certificates may normally be authenticated by the method set out in M.R.E. 901(b)(7)). Pulliam does not contest that the certificates came from the Leake County jail. Therefore, the certificates satisfied the authentication requirements of Rule 901(b)(7) and were properly admissible.
¶ 13. Furthermore, calibration certificates are prepared under the seal of the Mississippi Crime Laboratory, an office created under authority granted to the Commissioner of the Department of Public Safety by statute. Miss.Code Ann. § 45-1-17 (Rev.2000). The exhibits bore both *465 the seal of the office as well as the signature of one attesting the truth of their contents. The certificates may therefore be considered self-authenticating pursuant to M.R.E. 902(1).

S. Peremptory verdict of acquittal

¶ 14. Pulliam challenges the evidence. The governing standard for our review of sufficiency challenges is whether, taking all evidence and inferences in favor of the State, no reasonable, fair-minded juror could find an accused guilty. Brooks v. State, 695 So.2d 598, 594 (Miss.1997).
¶ 15. We have already detailed the evidence. There is some argument that the results of the intoxfiyzer test were within the margin of error. No evidence of the margin of error, if any, of the testing procedures was offered and thus we cannot review that claim. The admissibility of the calibration evidence satisfied the need to prove the accuracy of the intoxilyzer. There was sufficient evidence on each element of this offense.
¶ 16. In addition, Pulliam requests a new trial, saying that allowing this verdict to stand would be an “unconscionable injustice.” Groseclose v. State, 440 So.2d 297, 800 (Miss.1983). The evidence argues otherwise. No new trial is needed.
¶ 17. THE JUDGMENT OF THE LEAKE COUNTY CIRCUIT COURT OF CONVICTION OF DUI FIRST OFFENSE AND SENTENCE OF $500 FINE IS HEREBY AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.