BRIDGES, P.J.,
for the Court.
¶ 1. Jeffrey Johnson was indicted for the crime of burglary of an occupied dwelling in violation of Mississippi Code Annotated section 97-17-23 (Rev.2000). In the Circuit Court of the Second Judicial District of Jones County, a trial was held and the *734 jury returned a verdict of guilty. Johnson was then sentenced to a term of twenty five years in the custody of the Mississippi Department of Corrections, with fifteen years suspended. Johnson’s motions for judgment notwithstanding the verdict and for new trial were denied and now he appeals to this Court on the following issue:
STATEMENT OF THE ISSUE
I. DID THE TRIAL COURT ERR IN FAILING TO GRANT A NEW TRIAL BASED UPON THE IMPROPER ADMISSION OF AN EXHIBIT INTO EVIDENCE AFTER BOTH THE STATE AND DEFENSE HAD RESTED AND THE JURY WAS IN DELIBERATION?
FACTS
¶ 2. In February of 2002, after responding to a call, the Laurel Police Department found Johnson in the home of Aquarious Lindsey. Apparently Johnson had climbed into the second floor bedroom of the home while Ms. Lindsey was downstairs. The police recovered some money and a lady’s ring from Johnson but Ms. Lindsey never identified them as belonging to her. Then the police brought Johnson into custody where he confessed to the crime while being videotaped.
¶ 3. During the trial the videotape and a transcript of the tape were shown to the jury. The videotape was properly identified and admitted into evidence while the transcript of the tape was only identified and not admitted. Since the transcript was not admitted into evidence it was not in the jury room when deliberations began. While deliberating, the jury requested the transcript and Judge Billy Joe Landrum, over the objection of defense counsel, allowed the admission of the transcript into evidence and into the jury room after the close of both parties’ case in chief.
ANALYSIS
I. DID THE TRIAL COURT ERR IN FAILING TO GRANT A NEW TRIAL BASED UPON THE IMPROPER ADMISSION OF AN EXHIBIT INTO EVIDENCE AFTER BOTH THE STATE AND DEFENSE HAD RESTED AND THE JURY WAS IN DELIBERATION?
¶ 4. The standard of review regarding the admission or exclusion of evidence is abuse of discretion. Thompson Mach. Commerce Corp. v. Wallace, 687 So.2d 149, 152 (Miss.1997). “Ordinarily, the reopening of a case after it has been submitted to the jury and before verdict for the purpose of receiving further evidence is a matter addressed to the sound judicial discretion of the trial court.” Sturdivant v. State, 745 So.2d 240, 243(¶ 15) (Miss.1999) (citing Lee v. State, 201 Miss. 423, 29 So.2d 211 (1947)). “This rule imports a requirement that a cogent reason be found to exist which demands reopening in order that justice may be done. Moreover, when a case is reopened for the reception of further evidence, it must be done in such a manner that the rights of all parties will be protected and ample opportunity afforded them for cross examination or rebuttal, and even for requesting additional instructions, if the matters introduced should reasonably require them.” Perkins v. State, 253 Miss. 652, 178 So.2d 694, 696 (1965).
¶ 5. In Lee v. State, 383 So.2d 821(Miss.1980), this Court allowed the State to reopen its case. The jury had retired and took into the jury room, along with other physical evidence, State’s Exhibit A, an investigative report. The jury discovered that page three of the report was missing, and so informed the trial *735 judge, who ordered the cause to be reopened to explain the omission. The agent testified that the page was inadvertently omitted. Lee’s counsel was afforded an opportunity to cross-examine and did engage in lengthy cross-examination of the agent. This Court determined that the trial judge did not abuse his discretion in reopening the case for this one purpose, and there was no indication that Lee was prejudiced by such action. Id.
¶ 6. The case at hand is similar to Lee in that no wholly new substantive evidence was permitted after the close of arguments. In Lee the court allowed an additional page to be admitted in order to make the report complete. The transcript the judge allowed in this case had already been seen by the jurors and the tape from which it was made was properly introduced into evidence and available for the jurors to see. No new information whatsoever was given to the jury by allowing this transcript to be admitted.
¶ 7. The objection to the admission by Johnson was that the transcript was not made by someone present during the taping of the confession and that in fact the tape was made by someone without personal knowledge of the confession. Judge Landrum in his response to this objection noted that Johnson did not object that the transcript was inaccurate or incorrect when it was initially shown to the jury and therefore allowing the transcript to be admitted into evidence was simply a housekeeping matter. Johnson remarked that he failed to object because the transcript was never offered for admittance.
¶ 8. The Court has viewed the tape and the voices are clear and audible so inaccuracies would be noticeable to the jurors and anyone. Any error which may occur through an inaccurate transcript would be harmless. The Court concludes that allowing the transcript into evidence was done for a cognitive reason and was done in such a way that the rights of neither party were infringed. The Court finds it was not an abuse of discretion to allow the transcript to be admitted into evidence after jury deliberations had begun.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF JONES COUNTY OF CONVICTION OF BURGLARY OF AN OCCUPIED DWELLING AND SENTENCE OF TWENTY-FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH FIFTEEN YEARS SUSPENDED IS AFFIRMED. ALL COSTS ARE ASSESSED TO JONES COUNTY.
KING, C.J., SOUTHWICK, P.J., THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.